[No. 1652.]

LILLIE ESDEN, APPELLANT, v. EMMA KAISER, RESPONDENT.

CONTRACT—CONSTRUCTION—INDIVIDUAL LIABILITY—RIGHT OF ACTION.

1. Where defendant, before she was appointed executrix of an estate, promised, for the purposes of an amicable settlement of all questions as to the probate and validity of a certain will, that she would, when appointed executrix, make certain payments to the heirs and distributees of the decedent, she is bound individually by the agreement, when, as a result of the contract, she becomes executrix of the estate.
2. Where defendant entered into a contract whereby she promised, on becoming executrix of an estate, to make certain payments, one for whose benefit the contract was made and partly executed could maintain an action thereon against the defendant, though she was not one of the parties that signed the contract.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; M. A. Murphy, Judge.

Action by Lillie Esden against Emma Kaiser. From a judgment for defendant, plaintiff appeals. **Reversed.**

The facts sufficiently appear in the statement of facts in the case of Painter v. Kaiser (page 421 of this volume), involving precisely the same issues and questions.

Cheney, Massey & Smith, for Appellant:

I. This action was sought to be maintained upon that cer-

tain written agreement set out in the complaint made on the 5th day of November, 1901, between respondent and appellant, and which said complaint was demurred to on three questions: First, the sufficiency of the facts stated to constitute a cause of action; second, the legal capacity of the plaintiff to sue as an heir of the estate for any portion or share of the estate before the same is distributed, and, third, whether or not the suit could be maintained against Mrs. Kaiser as executrix of the estate of Charles Kaiser, deceased.

II. It will be observed that the contract set out in this complaint was made before letters testamentary were issued to the respondent. The contract was made with Mrs. Emma Kaiser as the widow of Charles Kaiser, deceased, individually. It was founded upon a valuable consideration. Contest of the probate of the will which gave to the respondent one-half of the estate was waived, and the will was admitted to probate under the agreement. She further was benefited by the agreement in obtaining under the will one-half of the separate property of Charles Kaiser, deceased. The demurrer admits all these facts. The will was probated. Respondent was appointed executrix. She paid out under the terms of the agreement a large amount of money to this party under the terms of the agreement. The demurrer admits these facts to be true. That the court may not misapprehend the character of this suit, we desire to emphasize the fact that it was not instituted against Emma Kaiser as executrix of the estate of Charles Kaiser, deceased, but was instituted against her individually upon an individual liability under a contract made by her individually, and before she could have contracted in any respect as the executrix of the estate of Charles Kaiser, deceased. Keeping these main facts in view, we contend that the court erred in sustaining the respondent's demurrer. Moreover, it may be seriously doubted as a proposition of law, whether an action could be maintained against Emma Kaiser as executrix of the estate of Charles Kaiser, deceased, upon a contract made when she was the executrix, that would establish any liability whatever against the estate of Charles Kaiser, deceased. The general rule of law deducible from all the authorities upon this subject is that an

estate is not answerable for the contracts of its executor or administrator, and that no action at law can be sustained against him, as such, on account of any contract made after the death of the testate, but only such contracts as are executed in the discharge of his duties of office, and within the scope of his authority, may be maintained against him for the purpose of binding the estate. Stating the rule in other words, upon a contract made by an executor it is the general rule of law that the executor is personally liable. Hence it was not necessary to have sued Mrs. Kaiser as executrix upon the contracts set out in the complaint, and had such suit been instituted a demurrer for misjoinder of parties would have been properly sustained. This rule of law is announced in the case of *Schlicker* v. *Hemenway*, 110 Cal. 579; 52 Am. St. Rep. 116.

III. The general rule is, in actions against executors or administrators, as follows: First, that for all causes of action arising upon a contract made by the testate or intestate in his lifetime an action can be sustained against the executor or administrator as such, and, second, that in all causes of action where the same arise upon contract made after the death of a testator or intestate the claim is against the executor or administrator personally, and not against the estate. (*Ferrin* v. *Myrick*, 41 N. Y. 322; *Austin* v. *Munro*, 47 N. Y. 366; *Waldsmith* v. *Waldsmith*, 2 Ohio, 160.) The liability in this action was the liability of the respondent individually. Under the rule cited there could be no liability upon her part under this contract as executrix. If she is not liable individually, then the contract is of no force or effect, notwithstanding it is founded upon a valuable consideration and is indisputably shown to have been in part executed. Also, under the rule stated, she could not have bound the estate of Charles Kaiser, deceased.

*Curler & King*, for Respondent.

By the Court, Talbot, J.:

This case depends upon the same contract and involves the same legal principles as those controlling the decision in the suit of *Fannie Painter* v. *Emma Kaiser*, 27 Nev. 421,

just determined by this court, except that the plaintiff here signed the contract.

For the reasons regarding the first point stated in that opinion, the order and judgment sustaining the demurrer and dismissing the action are reversed, and the case is remanded, with direction to the district court to fix a time within which the defendant will be allowed to answer.

BELKNAP, C. J., and FITZGERALD, J., concur.